IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE SMITH, | ) | CASE NO. 1:11CV1763 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE GAUGHAN |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| TIM BRUNSMAN, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | Doc. Nos. 5, 7 |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the respondent's motion to dismiss pursuant to 28 U.S.C. § 2244(a) & (b) ("§ 2244") the petition of Willie Smith ("Smith") for a federal writ of habeas corpus. Doc. No. 5. Smith opposes this motion. Doc. No. 6. Also before the court is the motion of Smith to hold the case in abeyance pending a decision from the Sixth Circuit whether to permit Smith to file a second and successive petition. Doc. No. 7. For the reasons given below, respondent's motion to dismiss should be GRANTED and Smith's motion to stay the case DENIED.

I.

Respondent alleges, and Smith does not deny, the following facts. Smith was convicted of aggravated murder and kidnaping in 1995 in Cuyahoga County, Ohio. His present habeas petition challenges those convictions.

Smith filed in this court a petition for a federal writ of habeas corpus in 2002 challenging the same convictions he challenges in the present case. *See Smith v. Russell*, Case No. 1:02CV105. The court dismissed his petition on April 24, 2003 and subsequently denied Smith's motion to alter or amend this decision. Both this court and the Sixth Circuit denied Smith a certificate of appealability.

On November 9, 2007, Smith filed a successive habeas petition in this court challenging the same conviction he had challenged in his earlier petition. *Smith v. Wilson*, Case No. 1:07CV3427. At about the same time, Smith also filed in the Sixth Circuit an application for permission to file a second or successive habeas petition. This court determined that Smith's petition was a second or successive petition within the meaning of § 2244 and that Smith required the permission of the Sixth Circuit before the petition could be filed in the district court. As Smith already had an application for permission pending in the Sixth Circuit, this court dismissed Smith's petition. The Sixth Circuit subsequently denied Smith's application to file a second or successive habeas petition because Smith failed to make a prima facie showing that his proposed grounds for relief satisfied the requirements of §2244(b).

Smith filed the instant petition on August 23, 2011. Smith's latest petition challenges the same 1995 judgment challenged in his earlier petitions. His present petition asserts two grounds for relief not presented in his previous petitions:

**Ground one:** The trial court committed error in denying relief where the counts in the indictment did not charge an offense under Ohio law and there was a complete failure to invoke subject matter jurisdiction. Defendant is legally innocent as a matter of law.

**Ground two:** Defendant experienced ineffective assistance of both trial and appellate counsel and appellate counsel in violation of the 6th and 14th

2

Amendments.

(Capitalization altered from the original.)  On August 25, 2011, Smith also filed in the Sixth Circuit an application for permission to file second or successive habeas petition, raising the same grounds for relief asserted in the present petition.

Respondent now moves to dismiss Smith's petition as a second or successive petition.  Smith moves to hold the case in abeyance until the Sixth Circuit reaches a decision regarding his application for permission to file a second or successive petition.

II

*A. Jurisdiction*

*1. Geographic jurisdiction*

The Court of Common Pleas of Cuyahoga County, Ohio sentenced Smith.  Smith filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) & (d).  Cuyahoga County is within this court's geographic jurisdiction. This court has geographic jurisdiction over Smith's petition.

*2. Subject matter jurisdiction as a second or successive petition*

Respondent contends that the court lacks subject matter jurisdiction because Smith' petition is a second or successive petition within the meaning of § 2244.  Section 2244

3

provides in relevant part as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed. . . .
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The failure of a petitioner to obtain permission from the circuit court before filing a second or successive petition in the district court deprives the district court of jurisdiction to consider the case. *Burton v. Stewart*, 549 U.S. 147, 149, 157 (2007).

The phrase "second or successive petition" is a term of art that is defined by the habeas opinions of the Supreme Court. *Slack v. McDaniel,* 529 U.S. 473, 486 (2000). The mere fact that a petitioner has previously filed a petition pursuant to § 2254 does not necessarily mean that a subsequent petition filed pursuant to § 2254 is a "second or successive" petition. *In re Salem*, 631 F.3d 809, 812 (6th Cir. 2011) (citing *Panetti v. Quarterman,* 551 U.S. 930, 944 (2007)); *see also In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000).

A subsequent petition filed pursuant to § 2254 is not a second or successive petition if it meets either of two criteria. First, the petition is not a second or successive petition if the claims asserted in a subsequent petition were not ripe at the time an earlier petition was filed. *See Stewart v. Martinez–Villareal,* 523 U.S. 637 (1998) (finding that when a second petition presents a claim identical to an unripe claim that had been included in an earlier

4

petition, the court should treat both petitions as a single application for habeas relief), and *Panetti,* 551 U.S. at 942-44 (holding that a petition that presents a claim that had not been presented in an earlier petition but would have been unripe had it been presented is not a second or successive petition). Second, a petition is not a second or successive petition if it attacks a court judgment that was not attacked in the previous petition. *Magwood v. Patterson,* ___ U.S. ___, 130 S.Ct. 2788 (2010); *see also Storey v. Vasbinder*, ___ F.3d ___, 2011 WL 4336660, at *4 (6th Cir. Sept. 16, 2011). If a petition is not a "second and successive petition" within the meaning of § 2244, then permission from the circuit court is not needed to file such a petition. *See Stewart*, 523 U.S. at 642-44; *Panetti*, 551 U.S. at 945-46.

In the present case, Smith's claims address the same 1995 judgment addressed by his previous habeas petitions. Smith petitions for relief based on an alleged faulty indictment with resulting problems for jurisdiction and on ineffective assistance of trial and appellate counsel. These claims should have been raised on direct appeal more than fifteen years ago and should have been ripe for review or were procedurally defaulted at the time of his first habeas petition. Consequently, Smith's present petition appears to be a second or successive petition within the meaning of § 2244.

Smith does not deny that his petition is a second or successive petition or that he needs the permission of the Sixth Circuit to proceed. Rather, he asks that the court deny the motion to dismiss and stay the proceedings based on the seriousness of the constitutional issues raised and on an allegation of actual innocence.

Whether Smith's grounds for resisting dismissal and staying the proceedings have merit, however, is beside the point. Because this petition is a second and successive

5

petition, this court has no jurisdiction to address this petition, including staying the proceedings. Normally, the court would transfer the petition to the Sixth Circuit. But because Smith has already filed in the Sixth Circuit an application for permission to file a second and successive petition raising the same claims he raises here, transfer of the petition is unnecessary. Consequently, this court should dismiss Smith's petition and await the decision of the Sixth Circuit as to Smith's application.

### III. Conclusion

For the reasons given above, respondent's motion to dismiss should be GRANTED and Smith's motion to stay DENIED.

Date: October 24, 2011                    /s/ *Nancy A. Vecchiarelli*
                                          United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** ***See** United States v. Walters*, **638 F.2d 947 (6th Cir. 1981)**. ***See also*** *Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied,* **474 U.S. 1111.**