**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Willie Smith, | ) | CASE NO. 1:11 CV 1763 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Tim Brunsman, Warden | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Vecchiarelli (Doc. 8) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner filed Objections to the Report and Recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

**Discussion**

Petitioner was convicted of aggravated murder and kidnapping in 1995. He filed a federal habeas petition in 2002 challenging that conviction. The petition was dismissed and the Sixth Circuit denied a certificate of appealability. In 2007, petitioner filed a successive petition

1

in the district court challenging the same conviction. Around that time, he also filed in the Sixth Circuit an application for permission to file a second or successive petition. The district court determined the petition to be a second or successive petition and dismissed it as the application was already pending in the Sixth Circuit. The latter subsequently denied the application. Petitioner filed the instant petition on August 23, 2011, challenging the same conviction and setting forth two grounds for relief. On August 25, 2011, petitioner filed another application in the Sixth Circuit for permission to file a second or successive petition, raising the same two grounds that he raises here.

Respondent moved to dismiss this petition as being second or successive. Petitioner asks that it be held in abeyance pending the Sixth Circuit's decision regarding the application. The Magistrate Judge determined that this petition is second or successive and, therefore, this Court lacks jurisdiction to address it at all. The Magistrate Judge declined to transfer the petition given that the same one is pending in the Sixth Circuit and transfer is unnecessary.

Petitioner filed objections asserting that the petition is not second or successive because his second ground for relief alleges ineffective assistance of appellate counsel, a claim that was not procedurally defaulted at the time of filing of his first petition. Petitioner did not raise this argument to the Magistrate Judge and, in fact, did not deny that his petition was a second or successive one. In general, courts in the Sixth Circuit have held that, absent compelling reasons, parties cannot raise at the district court stage new arguments or issues that were not presented to the magistrate judge. Failure to raise the claim before the magistrate constitutes waiver. *See Murr v.* U.S., 200 F.3d 895 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir.1998) (other citations omitted).

2

Assuming petitioner did not waive this argument, the Magistrate Judge recognized that a petition is not second or successive if the claims asserted in the subsequent petition were not ripe when the earlier petition was filed. Nonetheless, even if the instant petition is not second or successive, petitioner has already requested the same relief in the Sixth Circuit which will decide whether the petition is second or successive and whether petitioner will be given permission to proceed in the district court. Given that the application is pending there, respondent's request for dismissal here is appropriate and petitioner's request for a stay is unwarranted.

For these reasons, the Petition for Writ of Habeas Corpus is dismissed.

**Conclusion**

Accordingly, the Report and Recommendation is accepted. The Petition for Writ of Habeas Corpus is dismissed. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/18/11